## In the Matter of UNITED MILK PRODUCTS CO.

### No. 65 B 4372.

United States District Court
N. D. Illinois, E. D.
May 27, 1966.

Louis W. Levit, Chicago, Ill., for United Milk Products Co.

David F. Long, Regional Counsel, Chicago, Ill., for the United States.

John S. Ferguson, Syracuse, N. Y., for Jefferson Bulk Milk Coop., Inc. and Northeast Dairy Cooperative Federation, Inc.

Nicholas G. Manos, Harold S. Lansing, Chicago, Ill., for Unofficial Creditors' Committee.

Geo. M. St. Peter, Fond DuLac, Wis., for Pure Milk Products.

Robert A. Downing, Chicago, Ill., for Hanson & Sons, et al.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Petition for Review.

This is a petition for review of a bankruptcy order entered by Referee Victor E. LaRue on February 28, 1966. The parties before this Court have stipulated to the following facts:

On May 20, 1965 United Milk Co., the debtor and petitioner herein, filed a petition in this Court for an arrangement pursuant to Chapter XI of the Bankruptcy Act. Said petitioner, a manufacturer of milk products from raw milk supplied by producers, was granted the authority to continue in possession of its property and assets until further order of Court. On the same date, the Marketing Administrator of Order No. 2 issued by the Department of Agriculture and pertaining to the New York-New Jersey marketing area, mailed a check for $9,172.19 to the debtor as a part payment of the producer settlement fund credit that had accrued for milk used by the debtor in its New York plant during the April, 1965 delivery period. This check, received after the petition for an arrangement had been filed, was deposited by the debtor in its own bank account. Additional producer settlement fund credits owing to suppliers of the debtor are presently in the possession of the aforementioned Market Administrator, and a similar office in charge of enforcing Market Order No. 30 pertaining to the Chicago, Illinois marketing area.

Upon proper application, the Referee concluded that the aforesaid credits that accrued to the debtor's account did *not* become the property of the debtor's estate in bankruptcy pursuant to Sections 70a(5) and 70(c) of the Bankruptcy Act, as debtor contended, until the suppliers whose milk sales gave rise to such credits have been paid in full for the milk they delivered to the debtor. The Referee thus concluded that the producer settlement fund credits belong to the unpaid producers. Accordingly, he ordered the debtor-in-possession to refund $7,791.86 (the amount of the May 20 check less certain credits totalling $1,380.33) to the United States, and directed the Market Administrator to pay this sum plus the amount still retained by him to the unpaid producers.

It is from that order that the debtor-in-possession has petitioned this Court for review. Pursuant to authority vested in this Court under Bankruptcy General Order No. 47 prescribed by the United States Supreme Court under Section 30 of the Bankruptcy Act (Sec. 53, Title 11, U.S.C.), we shall adopt the report of the referee and affirm the contested order of February 28, 1966.

Under the Marketing Orders, referred to above, "use prices" are established for milk used by handlers, as the debtor herein, a higher sum for raw milk that is to be bottled, and a lower figure for milk used for manufactured products as butter and cheese. Petitioner dealt primarily in the latter area. At the end of each month all handlers are required to report to the Market Administrator the number of pounds of milk they used in each classification. From these figures the Administrator computes the "average" or "uniform" price for the month. The handlers are then required to pay their producers not less than this uniform price for all milk received. The bottled milk handler is required to pay into a "producer settlement fund" the difference between the "uniform" price he pays his producers and the high "use" price set by the Administrator. Similarly, the manufacturing handler, as the debtor, is entitled to draw from that producer settlement fund an amount equal to the sum he must pay his producers over and above low use price, so as to meet the "uniform price." The check sent on May 20, 1965, covered just such credits which were due debtor's producers.

The question then to be addressed by this Court concerns whether that money, which became comingled with the debtor's funds, and those credits remaining in the possession of the Market Administrators (sought via counterclaim by petitioner), are the property of debtor's estate which would require the producers

to file as unsecured general creditors, or whether said sums indeed belong to the unpaid producers and thus must be turned over to them prior to any distribution under the Chapter XI arrangement.

 The test which is to be applied under Sections 70(a) (5) and 70(c) of the Bankruptcy Act turns on whether at the time the petition was filed, under applicable state law, the property involved could have been "transferred by the debtor or levied upon and sold under judicial process against" it, or otherwise could have been "seized, impounded or sequestered." Young v. Handwork, (7th Cir., 1949) 179 F.2d 70, 16 A.L.R.2d 825.

We are satisfied that the Referee correctly held that the monies involved were not assets of the debtor's estate, but that said debtor merely held them as a conduit, having an obligation to remit same to the producers. Petitioner could not, by the self-serving act of depositing said funds in its bank account, defeat the producer's prior right thereto. As this Court understands the procedure involved, the monies sent to the debtor as well as those still retained by the Market Administrator would never reach the debtor, except in those instances where because of a low "use price" it had not paid the producers the "uniform" price due. Thus, the debtor has no independent right to the sums but is merely serving the function of a delivery agent, transferring money from the bottling handlers, through the Producer Settlement Fund, to the raw milk producers who are entitled to a uniform price whatever ultimate use is made of their product.

 Certainly, the producers should not be classified as general unsecured creditors as debtor proposes where they supplied raw milk with the assurance that they would receive the "uniform price" from the Producer Settlement Fund. Similarly, the remaining unsecured creditors should not be permitted to share in monies in which the debtor has no direct financial interest and which it would not have been permitted to retain for its own use. Petitioner seeks to stop a continuing "motion picture" at a single "frame" and to have the Referee rule on the stopped action, while the money is temporarily in debtor's hands. The referee correctly looked to the end of the reel and directed that the money be turned over to the producers as foreseen in the original "script."

Accordingly, it is the judgment of this Court that the referee below properly held that the net sum of $7,791.86 paid by the Market Administrator is the property of the unpaid producers and that the credits of $9,429.70 remaining in the possession of said Administrator is not a debt due petitioner. The order of February 28, 1966 is affirmed.